IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**TERRY HAYES**                                                                            **PETITIONER**

v.                                                                                  **No. 1:17CV96-GHD-DAS**

**STATE OF MISSISSIPPI, ET AL.**                                                 **RESPONDENTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Terry Hayes for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion will be granted, and the instant petition for a writ of *habeas corpus* will be dismissed without prejudice for failure to exhaust state remedies.

### Exhaustion

Under 28 U.S.C. § 2254(b)(1), a prisoner seeking *habeas corpus* relief must first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
>     (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
>     (B) (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal *habeas* relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v.*

*Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal *habeas* petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine provides "state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

## Facts and Procedural Posture

Terry Hayes pled guilty in the Circuit Court of Simpson County, Mississippi to possession of a controlled substance, hydrocodone and acetaminophen, with intent to transfer. *See* Exhibit A.[1] The trial court sentenced Mr. Hayes on September 14, 2015, to serve a term of eight years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* Exhibit B. An Amended Order and Sentence of the Court was filed February 7, 2018 (entered Nunc Pro Tunc for September 8, 2015), to correct scrivener's errors in the original order. *See* Exhibits C and D. MDOC records confirm that the sentence in this case runs consecutive to Hayes' two-year sentence of July 2015 in the Circuit Court of Harrison County for credit card fraud. *See* Exhibit C. Mr. Hayes was released on parole on January 2, 2018. *See* Exhibit C.

Mr. Hayes filed his federal petition for a writ of *habeas corpus* on June 23, 2017, but did not use the court's form; nor did he list specific grounds for relief. ECF Doc. 1. In his petition,

---

[1] The exhibits referenced in the instant memorandum opinion may be found in the State's motion to dismiss.

Hayes argues that he was sentenced while under a doctor's care and did not learn that he was sentenced "until he was advised by his probation officer on or about November 6th 2015." Mr. Hayes also argues that his sentencing violated his September 2014 plea agreement with the State. *Id.* He then filed a motion to amend his petition, arguing again that he was wrongfully sentenced while he was "under a doctor's care and could not pay money." ECF Doc. 3. Mr. Hayes claims that he was "sent to prison without having a chance to go before the court to be heard." *Id.*

## Discussion

The issues in Mr. Hayes' pending state application for post-conviction collateral relief overlap with the issues raised in the instant petition for a writ of *habeas corpus*. Mr. Hayes has not obtained a ruling by the Simpson County Circuit Court on his pending post-conviction pleading; as such, his claims remain unexhausted under the AEDPA. Hayes' claims raised in the instant petition for a writ of *habeas corpus* have not been properly exhausted in the state courts, as Hayes has given neither the Simpson County Circuit Court nor the Mississippi Supreme Court, an opportunity to review his claims.

Mr. Hayes may still prosecute his pending state application for post-conviction collateral relief. As such, the instant petition for a writ of *habeas corpus* must be dismissed for failure to exhaust state remedies. The court cautions the petitioner that the one-year federal *habeas corpus* limitations period has been running during the pendency of this federal petition, and the petitioner needs to move with diligence to ensure that he exhausts state remedies prior to the expiration of the federal *habeas corpus* deadline. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 17th day of April, 2018.

/s/ Sr. H. Davidson
SENIOR JUDGE